CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DONALD WAYNE BARKSDALE, ) | |
|    Petitioner, ) | Civil Action No. 7:24cv649 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Robert S. Ballou |
|    Respondent. ) | United States District Judge |

Petitioner Donald Wayne Barksdale, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2024 conviction and sentence in Danville Circuit Court for being a felon in possession of a firearm. Upon preliminary review of his petition, as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, it plainly appears from the petition and all the exhibits and filings submitted with it that Barksdale is not entitled to relief in the District Court.

Barksdale alleges that his conviction is the result of constructive fraud because Virginia is a corporation, and as such, cannot exercise power or jurisdiction over "live flesh and blood beings" without their contractual assent; by arresting him and charging him, without telling him that he must consent, the corporate agents of the state have committed fraud. These claims have absolutely no support in law and completely lack merit. Barksdale has cited no authority for the conclusion that state and federal governments have no authority to prosecute crimes committed by persons present within their territorial jurisdiction.

Although he denies that he is invoking "sovereign citizen" ideology, Barksdale's arguments contain the rhetoric and ideology of sovereign citizen claims, which have been repeatedly rejected by this court and others across the country. *See, e.g., Rosser v. Carson*, No. 7:19CV00156, 2019 WL 1474009, at *2 (W.D. Va. April 3, 2019); *United States v. White*, 480 F.

App'x 193, 194 (4th Cir. 2012); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992).  Whether he claims he is beyond the jurisdiction of the state court because he is a "sovereign citizen," a "secured-party creditor," a "flesh-and-blood human being," or any other similar construct, his claim is summarily rejected as frivolous.  *Rejuney v. Chesapeake Circuit Court*, No. 3:16CV194-HEH, 2016 WL 5402217, at *4 (Sept. 26, 2016).  Under Va. Code § 19.2-239, unless otherwise provided by law, the Danville Circuit Court has original and exclusive jurisdiction over the trial of all indictments and informations for offenses committed within the territorial jurisdiction of the court.

Because Barksdale's challenge to the court's jurisdiction is without merit, he has not asserted any claim that his custody violates the United States Constitution or federal law, and I will summarily dismiss his petition.

A separate Final Order will be entered this day.

Enter:  April 14, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge